**E-FILED**
Monday, 01 May, 2006  10:43:54 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' WELFARE FUND, CENTRAL LABORERS' ANNUITY FUND, ILLINOIS LABORERS AND CONTRACTORS' TRAINING TRUST FUND, MIDWEST REGION FOUNDATION FOR FAIR CONTRACTING, CENTRAL ILLINOIS BUILDERS INDUSTRY ADVANCEMENT FUND, LABORERS'–EMPLOYERS' COOPERATION AND EDUCATION TRUST ("LECET"), LABORERS' POLITICAL LEAGUE, LABORERS' OF ILLINOIS VACATION FUND, LABORERS' LOCAL #477, and LABORERS' LOCAL #703, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No.: ) |
| VANCIL CONTRACTING, INC., | ) ) |
| Defendant. | ) |

## COMPLAINT

### COUNT I
### (PAYROLL AUDIT)

NOW COME Plaintiffs, CENTRAL LABORERS' PENSION FUND, *et al.*, by and through

its attorneys, Cavanagh & O'Hara, complaining of the Defendant, VANCIL CONTRACTING, INC.,

and allege as follows:

1.      This action arises under the Employee Retirement Income Security Act of 1974, as

amended, U.S.C. Title 29, Section 1145.

2.      The Plaintiffs, CENTRAL LABORERS' PENSION FUND, *et al.*, are employee

benefit funds administered pursuant to the terms and provisions of Declarations of Trusts creating

said funds and are required to be maintained and administered in accordance with the provisions of

1

the Labor Management Relations Act of 1947, and the Employee Retirement Income Security Act of 1974 (as amended), 29 U.S.C. §§1001 *et seq.* The address and place of business of the Plaintiffs is Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267. The Central Laborers' Pension, Welfare and Annuity Funds are the collecting agents for the other named Plaintiffs.

3.     That the Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. Sections 1002 (5), (11), (12) and (14). Defendant employs individuals who are members of, and represented by Plaintiff Local Unions, and said individuals are participants in Plaintiffs' employee benefit funds, pursuant to Participation Agreements by and between Defendant and Plaintiffs. Said Participation Agreements are attached hereto and made a part hereof as **Exhibit A**.

4.     The Defendant's address is 3900 North Peoria Road, Springfield, Illinois 62702.

5.     Pursuant to the Employee Retirement Income Security Act of 1974 (U.S.C. Title 29, Section 1145), the Defendant is required to make contributions to the Funds in accordance with the terms and conditions of the Funds' Agreements and Declarations of Trust, and to pay liquidated damages in the event said contributions are not timely made. Said Agreements and Declarations of Trust, in pertinent part, are attached hereto and made a part hereof as **Exhibits B, C, D, and E.**

6.     Pursuant to the trust agreements, Plaintiffs are authorized and empowered to examine the payroll books and records of the Defendant to determine whether it is making full payment as required under such agreements.

7.     That Plaintiffs have made demand upon the Defendant to permit an audit for the period from January 1, 2002 through current, but Defendant has refused to satisfy said demand. A

copy of said demand is attached hereto and made a part hereof as **Exhibit F**.

8.    Attached hereto and incorporated herein as **Exhibit G** is the Affidavit of Britt W. Sowle in support of his request for attorney fees incurred in the prosecution of this matter.

WHEREFORE, Plaintiffs pray as follows:

A.    That an account be taken by the Plaintiffs for the period from January 1, 2002 through current, as to wages received and hours worked by Defendant's employees to determine amounts required to be paid by the Defendant to the Plaintiffs;

B.    That Defendant be decreed to pay to the Plaintiffs all such monies determined to be due, audit costs, liquidated damages and interest and statutory remedies, for all contributions due and owing at the time judgment is entered;

C.    That Defendant be specifically required to perform and continue to perform all its obligations to Plaintiffs, particularly to furnish to the Plaintiffs the required contribution reports and payments heretofore referred to, or in lieu thereof, a statement covering the period for which said report is required that Defendant had no employees for whom contributions are required to be made;

D.    That Defendant be decreed to pay all costs attendant to any audit of Defendant's payroll books and records pursuant to the respective Agreements and Declarations of Trust of the Plaintiffs;

E.    That Defendant be decreed to pay to the Plaintiffs its reasonable attorney fees in the amount of $1,092.25, as provided by ERISA, 29 U.S.C. Section 1132(g)(2) and the respective Agreements and Declaration of Trusts of the Plaintiffs;

F.    That Plaintiffs be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

## COUNT II
### (KNOWN DELINQUENT CONTRIBUTIONS)

NOW COME Plaintiffs, CENTRAL LABORERS' PENSION FUND, *et al.*, by and through its attorneys, Cavanagh & O'Hara, complaining of the Defendant, VANCIL CONTRACTING, INC., and allege as follows:

9.      Plaintiffs re-allege and incorporate by reference Paragraphs 1 through 5 of this Complaint against Defendant as if fully restated herein.

10.      Defendant remitted  late contribution reporting forms for the months of July 2005, October 2005 and November 2005, and therefore owe Plaintiffs' liquidated damages on these amounts.  Plaintiffs have determined the known liquidated damages owed by Defendant to Plaintiffs to be $2,812.72.  Defendant also submitted contribution forms for August 1999, but there was a shortage on this month in the amount of $84.71.  The total amount due by Defendant to Plaintiffs is $2,897.43.  A breakdown of such delinquencies are attached hereto and made a part hereof as Plaintiffs' **Exhibit H**.

11.      That Plaintiffs have made demand upon the Defendant to remit payment of the liquidated damages and shortage, but Defendant has refused to satisfy said demand. A copy of said demand is attached hereto and made a part hereof as **Exhibit I**.

12.      That pursuant to the terms of the Declarations of Trust (**Exhibits B, C, D, E**), the Defendant is liable for reasonable attorney fees and court costs and all other reasonable expenses incurred by the Funds in delinquency collection.

13.      Attached hereto and incorporated herein as **Exhibit G** is the Affidavit of Britt W. Sowle in support of his request for attorney fees incurred in the prosecution of this matter

WHEREFORE, Plaintiffs pray as follows:

A.      That Judgment be entered in favor of the Plaintiffs and against the Defendants for liquidated damages in the amount of $2,897.43, and further, any unpaid contributions and liquidated damages unpaid at the time Judgment is rendered;

B.      That Defendant be specifically required to perform and continue to perform all its obligations to Plaintiffs;

C.      That Defendant be decreed to pay Plaintiffs its reasonable attorney fees and costs in the amount of $1,092.25, as provided by ERISA, 29 U.S.C. Section 1132(g)(2) and the respective Agreements and Declarations of Trust;

D.      That Defendant be decreed to pay all costs attendant to these proceedings; and

E.      That Plaintiffs be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

CENTRAL LABORERS' PENSION FUND, *et al.*,
Plaintiffs,


By:____s/Britt W. Sowle_____
     BRITT W. SOWLE
     **CAVANAGH & O'HARA**
     **Attorneys for Plaintiffs**
     1609 North Illinois Street
     Swansea, Illinois 62226
     Telephone:     618/222-5945
     Facsimile:     618/222-6755
     britt@cavanagh-ohara.com

S:\c&o\Files\CLPF\Delinq\Vancil Contracting, Inc\Complaint.compel.del.wpd

5

3:06-cv-03078-JES-BGC    # 1-2    Page 1 of 4

## PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between _____ VANCH CONTRACTING INC. _____ (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment in all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

$3.75 per hour to Central Laborers' Pension Fund
2.70 per hour to Central Laborers' Welfare Fund
.50 per hour to Central Laborers' Annuity Fund
.25 per hour to Illinois Laborers' and Contractors' Training Trust Fund
.05 MRFFC

.10 per hour to Industry Advancement Fund
* 3½% of gross wage Working Dues (% or cents per hour)
.05 LECET
* .10 Other District Council Dues
_____ Other _____
* payable to Local #477

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by those Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

EMPLOYER
VANCIL CONTRACTING INC.
Name of Business
2136 N. 16TH  P.O. Box 8855
Address
SPRINGFIELD IL 62791-8855
City/State/Zip Code
217-744-0442
Telephone
VANC.
Authorized Signature
PRESIDENT
Title
4-30-97
Date

CENTRAL LABORERS' FUNDS
Authorized Signature
Executive Administrator
Title

UNION
Territory in which Agreement signed: Local #477
Tomus J. Kelleu
Authorized Signature
Secretary-Treasurer
Title
May 1, 1997
Date

**EXHIBIT**
A

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1246, Jacksonville, Illinois 62651-1246
Pink copy: Employer
Yellow copy: District Council or Local Union #477

## PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between _____Vance/_____ (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

_4.00_ per hour to Central Laborers' Pension Fund

_2.70_ per hour to Central Laborers' Welfare Fund

_.50_ per hour to Central Laborers' Annuity Fund

_.25_ per hour to Illinois Laborers' and Contractors' Training Trust Fund

_.05_ MRFFC

_.12_ per hour to Industry Advancement Fund

* _3½% of Gross_ Working Dues (% or cents per hour)

_.12_ LECT

* _.13_ Other _DC Dues_

_____ Other _____

* payable to Local 477

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| Vance Contracting Inc. | |
| Name of Business | Authorized Signature |
| 3900 Peoria Road | Executive Administrator |
| Address | Title |
| Springfield IL 62703 | UNION |
| City/State/Zip Code 217-744-8442 | Territory in which Agreement signed: Local 477 |
| Telephone | Authorized Signature |
| Authorized Signature | Sec-Try - Tr. |
| Title 4-11-99 | Title May 1, 1999 |
| Date | Date |

APR 1999

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer
Yellow copy: District Council or Local Union  477

(Rev. 11/98)  2M

ok/B

# PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between Vancil (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

$3.75 per hour to Central Laborers' Pension Fund
2.70 per hour to Central Laborers' Welfare Fund
.50 per hour to Central Laborers' Annuity Fund
.25 per hour to Illinois Laborers' and Contractors' Training Trust Fund
.05 per hr. MRFFC

.12 per hour to Industry Advancement Fund
* 3½% of gross wage Working Dues (% or cents per hour)
.05 per hr. LECET
* .13 per hr Other District Council Dues
_____ Other _____
* payable To Local #477

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by those Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

EMPLOYER

VANCIL CONTRACTING, INC
Name of Business
2136 N 16TH ST.
Address
SPFLD IL 62702
City/State/Zip Code
217-744-0442
Telephone
[signature]
Authorized Signature
PRESIDENT
Title
5-1-98
Date

MAY 1998

CENTRAL LABORERS' FUNDS

[signature]
Authorized Signature
Executive Administrator
Title

UNION

Territory in which Agreement signed: Local 477
James L. Kellum
Authorized Signature
Secretary - Treasurer
Title
May 1, 1998
Date

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1246, Jacksonville, Illinois 62651-1246
Pink copy: Employer
Yellow copy: District Council or Local Union #477

(Rev. 7/95) 2M

## PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between _____ *Vancil Contracting Inc* _____ (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

   3.40 per hour to Central Laborers' Pension Fund
   2.70 per hour to Central Laborers' Welfare Fund
   .50 per hour to Central Laborers' Annuity Fund
   .25 per hour to Illinois Laborers' and Contractors' Training Trust Fund
   .05 MRFFC

   .10 per hour to Industry Advancement Fund
   3½% of Gross Wage Working Dues (% or cents per hour)
   .05 LECET
   .10 per hour Other District Council Dues
   _____ Other _____

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by those Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

EMPLOYER
Vancil Contracting, Inc
Name of Business
P.O. Box 9560
Address
Springfield IL 62791-9560
City/State/Zip Code
217-744-0442
Telephone
Authorized Signature
Title  President
Date  10-30-96

CENTRAL LABORERS' FUNDS
Authorized Signature
Executive Administrator
Title

UNION
Territory in which Agreement signed: Local 477
Authorized Signature
Title  Treasurer
Date  10-30-96

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1246, Jacksonville, Illinois 62651-1246
Pink copy: Employer
Yellow copy: District Council or Local Union                                          (Rev. 7/95) 2M

E-FILED

Monday, 01 May, 2006  10:44:21 AM
Clerk, U.S. District Court, ILCD

# RESTATED AGREEMENT

## AND

# DECLARATION OF TRUST

## OF THE

# CENTRAL LABORERS'

# PENSION FUND

EXHIBIT

B

selection within thirty (30) days, shall jointly petition the Circuit Court of Morgan County, Illinois, for the selection of the third arbitrator by a judge of said Court.

(b)     The questions for the arbitrators shall be whether, in the particular instance, the Claim Committee (1) was in error upon an issue of law, (2) acted arbitrarily or capriciously in the exercise of its discretion, or (3) whether its findings of fact were supported by substantial evidence.

(c)     The decision in writing of any two arbitrators shall be final and binding upon the Claimant and the Trustees. The procedures specified in this Section shall be the sole and exclusive procedures available to a Claimant.

(d)     The arbitration shall be conducted in Morgan County, Illinois, in accordance with the usual rules governing procedure and admission of evidence in Courts of law in said County and State.

(e)     Each party to the arbitration shall pay his or its chosen arbitrator and shall bear equally the expense of the third arbitrator and all other expenses of the arbitration.

# ARTICLE VI

# CONTRIBUTIONS TO THE FUND

Section 1. BASIS OF CONTRIBUTIONS TO PLAN. In order to effectuate the purpose hereof, each Employer shall contribute to the Fund the amount required by any written agreement as defined herein between the Union or the Trust and the Employer. The rate of contributions shall at all times be governed by the applicable written Agreement then in force and effect, together with any amendments, supplements or modifications thereto provided, however, that in the case of an Employer who is required to make contributions by reason of his being party to a written agreement other than a Collective Bargaining Agreement the amount of contribution required shall be identical to the amount required by the Collective Bargaining Agreement in effect between the Employer Association and the Local Union having jurisdiction over the geographical area in which the covered Employees perform work. It shall not be a defense to any claim by the Trustees or an Employee for delinquent contributions from an Employer that such Employer had entered into an agreement with any employee purporting to waive the employee's right to strict compliance with the provisions of the applicable Collective Bargaining Agreement or other written agreement. With respect to the amount of contributions required thereby no employee shall be permitted to contract or otherwise agree with or permit his employer to provide wage or benefit payments which do not conform to the aforesaid requirements and any such contract or agreement shall be null and void.

Section 2. EFFECTIVE DATE OF CONTRIBUTIONS. All contributions shall be made effective as required by the applicable written agreement and shall continue to be paid as long as the Employer is so obligated.

## Section 3.  REPORT ON CONTRIBUTIONS AND PRODUCTION OF RECORDS.

The Employers shall make all reports on contributions required by the Trustees. Each Employer shall promptly furnish to the Trustees, on demand, the names of its employees, their social security numbers, the hours worked by each employee, and such other information as the Trustees may reasonably require in connection with the administration of the Trust and Pension Plan. The Trustees may, on reasonable notice, have an audit made by an independent certified public accountant or its representatives or such other person or persons as designated by the Trustees of all records of the Employer as described in Article IV, Section 8, in connection with the Employer's contributions and/or reports.

All Employers shall be required to maintain records in compliance with procedures developed and communicated by the Administrator from the beginning of such Employer's participation in the Fund forward unless given written authorization for variance by the Administrator. All such records shall be maintained for a period of ten (10) years unless earlier destruction of the same is authorized by the Trustees. The Trustees shall require the Employer to designate the classification of all of his employees and if the Employer fails to do so, after being requested to do so by the Trustees, the Trustees shall conduct an investigation for the purpose of determining the classification of such employees and the results of said investigation shall be conclusive.

Where an audit discloses a difference between hours actually worked by an employee and hours reported to the Trust by his Employer and where such audit discloses any willful violation of any of the requirements of this Trust Agreement or rules and regulations adopted in connection herewith, those officers and directors of such Employer, if a corporation, who supervised the completion of report forms, signed report forms or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Fund as a result of such conduct. Nothing herein shall prevent personal liability for owners or partners who are not otherwise incorporated.

Each employer, by agreeing to be bound by the terms hereof, acknowledges and agrees that liquidated damages, as set forth in Section 7 hereinbelow, remain due and owing irrespective of the payment or not of the underlying contributions for which the liquidated damages were assessed, and failure to pay liquidated damages duly assessed shall constitute a default in payment pursuant to Section 6 of this Article.

## Section 4.  BOND OR DEPOSIT.

The Trustees are hereby given the power and authority, in their discretion, to require any Employer to deposit with the Trustees, in advance, as a guarantee for the payment of monthly contributions, an amount equal to three (3) times the monthly contributions of such Employer, as estimated by the Trustees. At the option of the Trustees, the Employer shall furnish the Trustees in lieu of any cash deposit a bond in an amount not less than Five Thousand Dollars ($5,000.00), nor more than Fifteen Thousand Dollars ($15,000.00) or an amount equal to three (3) times the monthly contributions of such Employer, as estimated by the Trustees, whichever is greater, secured by a corporate surety.

## Section 5.  MODE OF PAYMENT.

All contributions shall be due and payable on the

21

fifteenth (15th) day of the month next following the calendar month in which eligible employees perform work with respect to which contributions are required. The time for payment may be extended by the Trustees by resolution, but in no event shall such extension exceed forty-five (45) days in accordance with applicable regulations issued by the Secretary of Labor pursuant to ERISA.

Section 6. DEFAULT IN PAYMENT. Non-payment by an Employer of any contributions when due shall not relieve any other Employer of his obligation to make payments. The Trustees may take any action necessary to enforce payment of the contributions and penalties due hereunder, including, but not limited to, proceedings at law and in equity.

Section 7. LIQUIDATED DAMAGES. All Employers not paying contributions within fifteen (15) days from the date they are originally due, or the due date as extended as provided above, shall pay in addition to said contributions liquidated damages in the amount of ten percent (10%) of the delinquent contributions or Twenty-five Dollars ($25.00), whichever is greater, and said damages shall be paid with the delinquent contributions. Each Employer party to or otherwise bound by this Trust Agreement acknowledge that the liquidated damages will be used to defer administrative costs arising by said delinquency and acknowledge the costs to be actual and substantial though difficult to ascertain; however, each Employer acknowledges these costs to be minimally ten percent (10%) of the delinquent contributions or Twenty-five Dollars ($25.00), whichever is greater, waiving the necessity of any additional proof thereof.

Section 8. INTEREST. Delinquent contributions shall bear interest at such rate as may have been established by the Trustees prior to determining the existence of the delinquency. Trustees may determine and establish from time to time the appropriate interest rate for delinquencies and when the delinquencies shall commence to bear interest. The Trustees shall have the authority to waive the foregoing interest charge in the event the delinquent Employer executes a note or enters into an installment payment agreement providing for payment of said delinquency on such terms as acceptable to the Trustees under the circumstances.

Section 9. COLLECTION COSTS. Except as hereinafter provided in this Article, in the event an Employer becomes delinquent in his contributions, said delinquent Employer shall be liable for all reasonable costs incurred in the collection process including court fees, attorneys' fees, filing fees, and any other expenses actually incurred by the Trustees in the course of the collection process.

Section 10. AUDITS AND THE COSTS THEREOF. The Trustees shall have the authority to audit the records of the Employer as described in Article IV, Section 8, for the purposes of determining the accuracy of contributions to the Pension Fund. In the event it becomes necessary for the Trustees to file suit and/or otherwise retain legal counsel to enforce their authority to perform an audit, the Employer shall be liable for all reasonable costs incurred including court fees, attorneys' fees, filing fees, audit cost, and any other expenses actually incurred by the Trustees in the course of the action, without regard to whether the Employer did or did not owe delinquent contributions.

In the event an audit determines that there are no delinquent contributions due the Fund, other than in situations as noted in the above paragraph, the Fund shall pay the entire Audit Cost. In the event the audit determines that there are delinquent contributions due the Fund which were

intentionally not paid by the Employer, the entire Audit Cost shall be assessed against the Employer. Intentional non-payment shall include, but not be limited to, issuance of a check or other order for payment that is not honored by the bank or other institution on which it is drawn and shall include non-payment due to lack of funds on the part of the Employer.

In the event an audit determines that there are delinquent contributions which are unintentional, the Employer shall be assessed a proportion of the audit costs, if any, based upon a formula which shall be set from time to time by the Trustees in their discretion and reflected in the Minutes of the particular meeting where the formula is adopted or changed.

Section 11. REFUND OF CONTRIBUTION. Upon application by the payor, the Fund may refund to the payor contributions it has paid to the Fund in error, being contributions which were not due and payable to this Fund in the first place, provided (a) application for a refund is made to the Fund office within sixty (60) months of the date the same were paid to the Fund, and (b) it is determined by the Fund that the previous receipt and acceptance of said contributions by the Fund has not and will not create any reasonably foreseeable liability on the part of the Fund.

## ARTICLE VII

## PLAN OF BENEFITS

Section 1. BENEFITS. The Trustees shall have full authority to determine all questions of the nature, amount and duration of benefits to be provided based on what it is estimated the Fund can provide without undue depletion or excessive accumulation, provided, however, that the Trustees shall exercise such authority within the limits and in accordance with the requirements of Title I, Subtitle B, Part 2, or any other applicable provisions of ERISA and any applicable rules and regulations promulgated pursuant thereto.

The Board of Trustees shall draft procedures, regulations and conditions for the operation of the Plan, including by way of illustration and not limitation; condition of eligibility for Employees, procedure for claiming benefits, schedules of type and amount of benefits to be paid, and procedure for the distribution of benefits; provided, however, that all such rules and regulations adopted by the Trustees shall be general in their application and no special or particular treatment shall be accorded to any employee.

Section 2. RECIPIENT OF BENEFITS. Benefits may be provided in accordance with Section 1 of this Article only for Employees (as defined in ARTICLE I, Section 2, of this Agreement), their families and/or dependents.

Section 3. ELIGIBILITY REQUIREMENT FOR BENEFITS. The Trustees shall have full authority to determine eligibility requirements for benefits and to adopt rules and regulations setting forth same which shall be binding on the employees and their dependents.

Section 4. BASIS OF PROVIDING BENEFITS. Benefits shall be provided and

E-FILED
Monday, 01 May, 2006  10:44:41 AM
Clerk, U.S. District Court, ILCD

# AGREEMENT
# AND DECLARATION OF TRUST
# OF THE
# NORTH CENTRAL ILLINOIS
# LABORERS' HEALTH & WELFARE FUND

EXHIBIT

_C_

## ARTICLE IV

## CONTRIBUTIONS AND COLLECTIONS

**Section 4.1**   Employer Contributions.

(a)     Each Employer shall make prompt contributions or payments to the Trust Fund in such amount and under the terms as are provided for in the applicable collective bargaining agreement in effect from time to time between the Employer or his bargaining representative and the Union.  An Employer may also be required to make contributions in such amount and under such terms as such Employer may be obligated, in writing, to make, provided that such contributions shall be subject to acceptance by the Trustees.  The Employer agrees that such contributions shall constitute an absolute obligation to the Trust Fund, and such obligation shall not be subject to set-off or counterclaim which the Employer may have for any liability of the Union or of an Employee.

(b)     Contributions to the Fund shall be paid to the Trustees or to such depository as the Trustees shall designate, only by check, bank draft, money order or other recognized written method of transmitting money or its equivalent, made payable to the order of the Trustees of the North Central Illinois Laborers Health & Welfare Fund.  The payment of contributions shall be made periodically at such times as the Trustees shall specify by rules and regulations or as may be provided in the applicable collective bargaining agreement.

(c)     Each Employer shall be responsible only for the contributions payable by him on account of Employees covered by him, except as may be otherwise provided by law.

13

(d)    In the event an Employee employed by an Employer, as defined herein, shall perform work outside of the geographical jurisdiction of the Union, the Employer may be allowed to make payments to the Trust Fund for such employee only if the Trustees have established terms and condition authorizing such payments and have agreed to accept such payments.

**Section 4.2**    <u>Employee Contributions</u>.  Participants (i) who cease to perform work for an Employer for which work Employer contributions were required to be paid to this Fund as provided in Section 4.1 of this Article, and (ii) who, at the time they last performed such work, had been eligible and qualified to receive benefits under the plan of benefits established by the Trustees under this Fund, and (iii) who are members of such a class of such Participants as to whom the Trustees, consistent with applicable law, have in their sole discretion determined to provide continued eligibility for benefits of such type and amount and for such period of time and on such terms as the Trustees in their discretion may wish to make available to such class, shall make periodic contributions or payments to the Trust Fund in such amounts and at such times and subject to such conditions, requirements, limitations and rules as the Trustees in their sole discretion may establish and impose with respect to such class of such Participants.  Nothing herein shall be construed to abridge the rights of those eligible to receive benefits pursuant to exercise of rights under Consolidated Omnibus Budget Reduction Act and, when in conflict, the most favorable determination to the participant or beneficiary shall apply.

14

**Section 4.3**     <u>Receipt of Payment and Other Property of Trust</u>.  The Trustees or such other person or entity designated or appointed by the Trustees are hereby designated as the persons to receive the payments heretofore or hereafter made to the Trust Fund by the Employers and Employees.  The Trustees are hereby vested with all right, title and interest in and to such moneys and all interest which may be accrued thereon, and are authorized to receive and be paid the same.

**Section 4.4**     <u>Late Payments</u>.  The Trustees may require the payment by Employers of liquidated damages up to a maximum of twenty percent (20%) of the balance due as well as other costs and expenses such as, without limitation, interest, audit fees, attorneys' fees, filing fees and cost of service of papers and all audit costs incurred by the Trustees and arising out of the collection of such Employer's delinquent contributions.  Non-payment, by any Employer, of any contribution or other moneys owed to the Fund shall not relieve any other Employer from his or its obligation to make required payments to the Trust Fund.

**Section 4.5**     <u>Collection and Enforcement of Payments</u>.  The Trustees, or such committee of the Trustees as the Board of Trustees shall appoint, or the Administrative Manager if one has been appointed and when directed by such committee or by the Board of Trustees, shall have the power to demand, collect and receive Employer payments and all other money and property to which the Trustees may be entitled, and shall hold the same until applied to the purposes provided in this Trust Agreement.  They shall take such steps, including the institution and prosecution of, or the intervention in, such legal or administrative proceedings as the Trustees in their sole discretion determine to be in the best interest of the Trust Fund for the purpose of collecting such payments, money and property, without prejudice, however, to the rights of the Union to take whatever steps it deems necessary and wishes to undertake for such purpose.

15

The Trustees may employ attorneys, accountants and other professionals to conduct audits of the pertinent employment and payroll records of each employer, and the employer shall be liable to pay the professional fees and costs of suit and audit and all other costs incurred by the Trustees in pursuing delinquent contributions. Such other costs may include, but are not limited to, filing fees and service of process.

Section 4.6   Production of Records.   Each Employer shall promptly furnish to the Trustees, on demand, the names of his Employees, their Social Security numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust Fund including but not limited to: payroll records, time records, certified payroll reports, federal and state tax returns and reports, cash disbursement records, records of payments to subcontractors, personnel file information and job cost records. The Trustees and the insurance carrier, when so authorized by the Trustees, may, by their respective representatives, examine the pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust Fund and of the contracts or policies of insurance. The Union shall, upon the request of the Trustees, promptly furnish information with respect to an Employee's employment status. If such examination discloses that the employer has not been making its full payment as agreed, the costs of such examination shall be paid by such Employer. (See also Section 4.4).

16

**Section 4.7**     <u>Conduct of Trust Business</u>.  The Trustees shall have general supervision of the operation of this Trust Fund and shall conduct the business and activities of the Trust Fund in accordance with the Trust Agreement and applicable law.  The Trustees shall hold, manage and protect the Trust Fund and collect the income therefrom and contributions thereto.  The Trustees may, in the course of conducting the business of the Trust, execute all instruments in the name of the North Central Illinois Laborers' Health & Welfare Fund, which instruments shall be signed by at least one Employer and one Union Trustee, provided, however, any one Trustee may execute legal documents to commence and process law suits to enforce trust collections on behalf of the Trustees.

**Section 4.8**     <u>Interest</u>.  Interest, in the discretion of the Trustees, and when appropriate, may be charged on delinquent contributions.  It is contemplated that absent good cause shown, interest will be deemed to be appropriate.  Interest shall be charged at the rate of nine percent (9%) per annum for the balance due to the Fund.

17

# RESTATED DECLARATION OF TRUST

## ESTABLISHING

# ILLINOIS LABORERS' AND CONTRACTORS'

# TRAINING TRUST FUND

September 26, 1995



EXHIBIT

D

ARTICLE IV

CONTRIBUTIONS AND COLLECTIONS

Section 4.1 Employer Contributions.

(a)  Each Employer shall make prompt contributions or payments to the Trust Fund in such amount and under the terms as are provided for in the applicable collective bargaining agreement in effect from time to time between the Employer or his bargaining representative and the Union.  An Employer may also be required to make contributions in such amount and under such terms as such Employer may be obligated, in writing, to make, provided that such contributions shall be subject to acceptance by the Trustees. The Employer agrees that such contributions shall constitute an absolute obligation to the Trust Fund, and such obligations shall not be subject to set-off or counterclaim which the Employer may have for any liability of the Union or of an Employee.

(b)  Contributions to the Fund shall be paid to the Trustees or to such depository as the Trustees shall designate, only by check, bank draft, money order or other recognized written method of transmitting money or its equivalent, made payable to the order of the Fund for the payment of contributions shall be made periodically at such times as the Trustees shall specify by rules and regulations or as may be provided in the applicable collective bargaining agreement.

(c)  Each individual Employer only shall be responsible for the contributions payable by him on account of Employees covered by him, except as may be otherwise provided by law.  Under no cicumstances shall the Association or any other employers association or groups be responsible for contributions, payments or other obligations of

15

(d)  <u>Work Outside Jurisdiction.</u>  In the event an Employee employed by an Employer, as defined herein, shall perform work outside of the geographical jurisdiction of the Union, the Employer may continue to make payments to the Trust Fund and the Trustees may accept such payments.

<u>Section 4.2 Receipt of Payment and Other Property of Trust.</u>  The Trustees or such other person or entity designated or appointed by the Trustees in accordance with Section 5.3 of Article V are hereby designated as the persons to receive the payments heretofore or hereafter made to the Trust Fund by the Employers and Employees.  The Trustees are hereby vested with all right, title and interest in and to such moneys and all interest which may be accrued thereon, and are authorized to receive and be paid the same.

<u>Section 4.3 Collection and Enforcement of Payments.</u>  The Trustees, or such committee of the Trustees as the Board of Trustees shall appoint, or the Administrative Manager if one has been appointed and when directed by such committee or by the Board of Trustees, shall have the power to demand, collect and receive Employer payments and all other money and property to which the Trustees may be entitled, and shall hold the same until applied to the purposes provided in this Trust Agreement.  They shall take such steps, including the institution and prosecution of, or the intervention in, such legal or administrative proceedings as the Trustees in their sole discretion determine to be in the best interest of the Trust Fund for the purpose of collecting such payments, money and property, without prejudice, however, to the rights of the Union to take whatever steps it deems necessary and wishes to undertake for such purposes.

<u>Section 4.4 Production of Records.</u>  Each Employer shall promptly furnish to the

16

Trustees, on demand, the names of his Employees, their Social Security numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust Fund and for no other purpose. The Trustees may, by their respective representatives, examine the pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust Fund. The Union shall, upon the request of the Trustees, promptly furnish information in respect to an Employee's employment status.

Section 4.5  The Trustees may require the payment by Employers of liquidated damages (as provided in the applicable collective bargaining agreement or provided in a schedule established by the Trustees) and of other costs and expenses (such, as without limitation, attorney's fees, filing fees and costs of service of papers) incurred by the Trustees and arising out of the collection of such Employers' delinquent contributions.

Section 4.6  Non-payment, by any Employer, of any contribution or other monies owed to the Fund shall not relieve any other Employer from his or its obligation to make required payments to the Trust Fund.

**E-FILED**
Monday, 01 May, 2006  10:45:11 AM
Clerk, U.S. District Court, ILCD

# RESTATED AGREEMENT

## AND

## DECLARATION OF TRUST

## OF THE

## NORTH CENTRAL ILLINOIS LABORERS' DISTRICT COUNCIL LABORERS' AND EMPLOYERS' COOPERATION AND EDUCATION TRUST



**EXHIBIT**

E

shall have no jurisdiction or authority to change or modify the provisions of this Trust Agreement or to decide any issue arising under or involving the interpretation of any collective bargaining agreements, and such impartial arbitrator shall have no power or authority to change or modify any provisions of any such collective bargaining agreements.

## ARTICLE VI
### Corpus and Beneficiaries of the Trust

6.01. **CORPUS:** The corpus of the Trust shall consist of all Employer contributions, investment earnings thereon, all monies or other property received by the Trust from any and all other lawful sources, and all other assets of the Trust.

6.02. **BENEFICIARIES:** As envisioned by federal law, the intended ultimate beneficiaries of the labor-management cooperative purposes of the Trust shall be laborers represented by the *Council*, the Local Unions and employees employed by or represented by the *Association*.

## ARTICLE VII
### Participation and Contributions

7.01. **PARTICIPATION:** Participation in the Trust shall be open to all employers in the *Council* area which employ laborers represented by the *Council*, Local Unions and/or the *Association*; subject to the absolute discretion of the Board of Trustees to accept, reject or expel from participation in the Trust. The Board is empowered to condition participation on execution of such participation agreements or forms as the Board may promulgate, and on such other conditions as the Board deems necessary or appropriate. A participant may terminate its participation in the Trust by submitting a written notice of such action to the Board at any time, except to the extent that the participant is bound by a collective bargaining agreement, a participation agreement, or some other agreement requiring participation in the Trust. Termination of participation shall not excuse any Employer from indebtedness to the Trust for all contributions and other payments due for the period before the effective date of the terminations. The Board is empowered to deem the purported termination of an Employer ineffective until such time as all indebtedness to the Trust by the Employer is satisfied.

7.02. **CONTRIBUTIONS:** The primary source of funding for the Trust shall be collectively-bargained Employer contributions. Each Employer shall contribute to the Trust in such amounts as set forth in its collective bargaining agreement with the *Council*, or as set forth in some other written agreement authorized by the Board of Trustees. The financial responsibility of an Employer to the Trust shall be limited to making such contributions and to any default payments required by this Article, and no

Employer shall be liable for contributions owed by another, separate Employer. Contributions shall be paid to the Trust in such manner and at such times as the Board of Trustees shall determine. For administrative convenience, the Board may enter into arrangements with employee benefit plans sponsored by the *Council* for joint collection of Employer contributions.

7.03. **DEFAULT IN PAYMENT:** Employers which fail to pay the contributions or other payments owed the Trust when due may be expelled, at the Board's discretion, from participation in the Trust. In addition to any other remedies to which the Trust or the Board of Trustees is entitled, any Employer which fails to pay contributions or other payments owed within thirty (30) days of when due shall be liable to the Trust for interest at the rate of one-and-one-half percent (1½%) per month (or, if lower, the highest rate of interest permitted by applicable law) from the due date through the date of payments, as well as for all expenses of collection incurred by the Trust, including attorneys' fees and court costs. The Board is empowered to institute proceedings at law or equity, and to take any other lawful action, to collect contributions and otherwise enforce an Employer's obligations. The Board shall be entitled to institute collection and enforcement proceedings in court or otherwise without regard to any grievance or arbitration procedure set forth in any collective bargaining agreement or other agreement. The Board shall be entitled to assert all applicable liens, claims and priorities available under federal or state law against an Employer to secure payment of amounts owed. It is specifically agreed and understood that the Trustees are authorized to contract with any other fund or funds for auditing and collection of delinquent contributions and that the *Council*, the unions, the *Association*, and contributing and signatory employers acknowledge, agree and understand that the fund procedures of the collecting fund shall be utilized and followed.

7.04. **CONTRIBUTION REPORT:** Employers shall submit to the Trust such written reports or documents as the Board of Trustees may deem necessary or appropriate to collect and substantiate contributions.

7.05. **AUDITS:** Employers, at the request of the Board of Trustees, shall submit to an audit by a certified public accountant or accountancy firm of the appropriate records of the Employer to verify that the correct amount of contributions or of other payments due has been or will be paid and for no other purpose.

### ARTICLE VIII
### Amendment and Termination

8.01. **AMENDMENT BY BOARD:** This Trust Agreement may be amended, in whole or in part, at any time by the Board of Trustees by a duly executed written instrument; provided that no amendment shall violate applicable law or alter the fundamental purpose of the Trust; and provided further that no amendment shall permit the net earnings of the Trust to inure to the benefit of the *Council*, any employer, or any other individual or entity, except to the extent permitted by applicable law, including the applicable provisions of the Internal Revenue Code. Any such amendment shall be deemed as



**E-FILED**
Monday, 01 May, 2006  10:45:28 AM
Clerk, U.S. District Court, ILCD

## Central Laborers' Pension, Welfare & Annuity Funds

P.O. Box 1267 • Jacksonville, Illinois 62651 • Phone 217/243-8521 • Fax 217/245-1293

http://www.central-laborers.com

February 27, 2006

Vancil Contracting, Inc.
3900 N. Peoria Rd.
Springfield, IL 62702-1031

RE:    Central Laborers' Pension, Welfare, and Annuity Funds; IL Laborers' Training Trust Fund; No. IL Annuity Fund; No. IL & IA Laborers' Health and Welfare Trust; NC IL Laborers' District Council; So IL Laborers' District Council; CI Builders I.A.F.; CI Laborers' District Council; WC IL Building and Construction Trades Council; Tri-County Construction – Labor Management Council; Laborers' of IL Vacation Fund; So. IL Laborers' & Emp. Health, Welfare, & Annuity Fund; SW IL Laborers' Annuity Fund; LECET; Laborers' Political League; Foundation for Fair Contracting; Employers' & Laborers' Local #100 & #397 Funds.

Dear Sir or Madam:

In order to carry out their fiduciary obligations under the Employee Retirement Income Security Act of 1974, the Trustees of the above mentioned Fringe Benefit Funds periodically conduct audits of all contributing employers for the purpose of ensuring accuracy in contribution reports and payment of contributions. To more clearly understand the Funds' policies and procedures with regard to the audit program, please refer to the enclosed copy of Amendment No. 17 to Article VI of the Funds' Trust Agreement. The employers to be audited are selected on a systematic basis by the above Funds' Delinquency Committee and at this time the Committee has authorized the Accounting Firm of Romolo & Associates to audit your records for the period of January 1, 2002 to as current as possible.

A representative of Romolo & Associates Accounting Firm will be contacting you shortly to arrange a time during working hours to perform the audit. To properly conduct the audit the auditors will need to review, copy or otherwise examine your Individual Payroll Records and Employee Time Records, Federal W-2 Forms, Federal 1099 Forms, Cash Disbursement Records, and your Fringe Benefit Contribution Report Forms. The auditor may need the same depending on the nature and form of your bookkeeping system.

We are writing to you to introduce Romolo & Associates Accounting Firm to you and advise that they are authorized to act on behalf of the funds and request your cooperation. In the event we can not have your cooperation, it will be necessary for this matter to be referred to the Funds' Delinquency Committee for its action by way of suit for production of your books and records. If you have any questions regarding the above or the enclosed, please do not hesitate to contact this office.

Sincerely,

Dan Koeppel
Director Employer Contributions

DK/jdr

c:    Romolo & Associates
      2428 N. North Street
      Peoria, IL 61604



**EXHIBIT**
F

**E-FILED**
Monday, 01 May, 2006  10:45:41 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

CENTRAL LABORERS' PENSION FUND, CENTRAL      )
LABORERS' WELFARE FUND, CENTRAL              )
LABORERS' ANNUITY FUND, ILLINOIS LABORERS    )
AND CONTRACTORS' TRAINING TRUST FUND,        )
MIDWEST REGION FOUNDATION FOR FAIR           )
CONTRACTING, CENTRAL ILLINOIS BUILDERS       )
INDUSTRY ADVANCEMENT FUND,                   )
LABORERS'–EMPLOYERS' COOPERATION             )
AND EDUCATION TRUST ("LECET"), LABORERS'     )
POLITICAL LEAGUE, LABORERS' OF ILLINOIS      )
VACATION FUND, LABORERS' LOCAL #477,         )
and LABORERS' LOCAL #703,                    )
                                             )
                    Plaintiffs,              )
                                             )
        vs.                                  ) No.:
                                             )
VANCIL CONTRACTING, INC.,                    )
                                             )
                    Defendant.               )

## AFFIDAVIT IN SUPPORT OF ATTORNEY'S FEES

I, BRITT W. SOWLE, having first been duly sworn on oath, state that the following

itemization accurately represents the time and costs expended by me in this cause:

| DATE | DESCRIPTION | TIME |
|------|-------------|------|
| 1/4/06 | Preparation of demand letter to employer for payment of Liquidated Damage via certified mail. | 0.60 |
| 1/5/06 | Review and sign initial Liquidated Damages Collection letter to be sent to employer. | 0.15 |
| 3/30/06 | Addition to Delinquency Status Report and open file. | 0.30 |
| 3/31/06 | Review file. Research Illinois Secretary of State to obtain corporate status. Telephone conference with Sangamon | |


EXHIBIT
G

3:06-cv-03078-JES-BGC    # 1-8    Page 2 of 2

|  | County Sheriff regarding service of Summons. Preparation of Draft Complaint, Certificate of Service, Summons and Affidvait Of Attorney Fees. Preparation of U.S. District Court Civil Cover Sheet. | 1.80 |
|---|---|---|
| 4/3/06 | Finalize Complaint. Assemble Exhibits. Electronically file complaint with U.S. District Court. Preparation of correspondence to U.S. District Court enclosing our filing fee. | 1.00 |

**3.85 HOURS @ $185.00 PER HOUR**     **$712.25**

| 4/21/06 | U.S. District Court filing fee | $350.00 |
|---|---|---|
| 4/21/06 | Sangamon County Sheriff fee | $30.00 |

**TOTAL COSTS AND FEES**     **$1,092.25**

FURTHER THIS AFFIANT SAYETH NAUGHT.

CENTRAL LABORERS PENSION FUND,
*et al*, Plaintiffs,

By:   s/Britt W. Sowle

    BRITT W. SOWLE
    **CAVANAGH & O'HARA**
    **Attorneys for Plaintiffs**
    1609 North Illinois Street
    Swansea, Illinois 62226
    Telephone:  618/222-5945
    Facsimile:  618/222-6755
    britt@cavanagh-ohara.com

SUBSCRIBED and SWORN to before me this     day of April 2006.

                         Notary Public

S:\c&o\Files\CLPF\Delinq\Vancil Contracting, Inc\Atty Fees.wpd

OFFICIAL SEAL
**TAMARA M. STICE**
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 5-26-2006

2

E-FILED
Monday, 01 May, 2006  10:45:55 AM
Clerk, U.S. District Court, ILCD

March 9, 2006

Vancil Contracting, Inc.
3900 N. Peoria Road
Springfield, IL  62702-1031

Liquidated Damages Assessments:

| | | | |
|---|---|---|---|
| Jul-05 | Local 477 | $1,454.78 | |
| Oct-05 | Local 477 | 375.99 | |
| Nov-05 | Local 477 | 981.95 | |
| Total | | $2,812.72 | $2,812.72 |

Report Form Shortage

| | | | |
|---|---|---|---|
| Aug-99 | Local 703 | $84.71 | |
| Total | | $84.71 | $84.71 |

| | |
|---|---|
| Grand Total Due | $2,897.43 |

EC/DD/Lawsuit Breakdowns/Vancil Contracting, Inc..xls/Breakdown

EXHIBIT

tabbies'

H Page 1

```
** EMPLOYER CONT HISTORY ** - 08:39:41 Mar 24 2006 - pts19   S.DIS.CON.EMPCONT2

Employer : L0946    - VANCIL CONTRACTING INC

** PAGE 1 OF 1 **
Seq  Wk Pd  Rcd Date Group  Contra   Rpt Qty   Cnt
---  ------ ---------- ------  ------  ---------- -----
1    200501 02/25/2005 0477   53        619.50    6
2    200502 03/28/2005 0477   53        642.00    4
3    200503 04/28/2005 0477   53       1070.00   13
4    200504 05/23/2005 0477   53       1046.00   11
5    200505 06/27/2005 0477   59       1187.50   13
6    200506 07/25/2005 0477   59       1549.50   11
7    200507 09/09/2005 0477   59       1092.00   10
8    200508 09/26/2005 0477   59       1095.00    9
9    200509 10/25/2005 0477   59        481.00    6
10   200510 01/03/2006 0477   59        298.50    3
11   200511 02/23/2006 0477   59        780.50    6


Select: _____  <R#>Ref# <FT>Fund Tot <PR>PRint <S>Scrl <B>Bck <P#>Pge# <X>eXit
```



## Central Laborers' Pension, Welfare & Annuity Funds

P.O. Box 1267 • Jacksonville, Illinois 62651 • Phone 217/243-8521 • Fax 217/245-1293

http://www.central-laborers.com

September 28, 2005

AC # 10946



Vancil Contracting, Inc.
3900 Peoria Rd.
Springfield, Il 62702

RE:    Late Remittance Report

Dear Sir or Madam:

Please be advised that all Remittance Reports and contributions for the same are due the 15th day of the month following the month in which the work was performed. This requirement is stated on the Remittance Report Form and is substantiated by the Funds' Trust Agreement. The Trust Agreement also provide for assessing of liquidated damages against late reports. Remittance Reports postmarked later than the fifteenth (15) days after the due date shall be assess liquidated damages in the amount of 10% or $25.00, whichever, is greater. Because the following report form(s) was/were postmarked **September 8, 2005** you owe the following liquidated damages. The contribution amounts and liquidated damages amount may also include amounts paid to the funds which have entered into Delinquency Collection Agreements with this office and are due and payable under the Collective Bargaining Agreements.

| Period | Local Union | Contribution Amount | Liquidated Damages |
|--------|-------------|---------------------|--------------------|
| Jul-05 | 477 | $14,547.81 | $1,454.78 |

Please submit a copy of this letter and a check totaling **$1,454.78**, made payable to the Central Laborers' Fringe Benefit Account. Send your check to the attention of the Delinquency Department. The above mentioned delinquency account will be filed as closed, paid in full, provided payment is received by **October 12, 2005.**

Should you have any questions concerning the above, please do not hesitate to contact this office.

Sincerely,

Dan Koeppel
Director, Employer Contributions

DK/jdr



## Central Laborers' Pension, Welfare & Annuity Funds

P.O. Box 1267 • Jacksonville, Illinois 62651 • Phone 217/243-8521 • Fax 217/245-1293

http://www.central-laborers.com

February 22, 2006

AC # 10946

Vancil Contracting Inc.
3900 N. Peoria Rd.
Springfield, Il 62702-1031

RE:    Late Remittance Report

Dear Sir or Madam:

Please be advised that all Remittance Reports and contributions for the same are due the 15th day of the month following the month in which the work was performed. This requirement is stated on the Remittance Report Form and is substantiated by the Funds' Trust Agreement. The Trust Agreement also provide for assessing of liquidated damages against late reports. Remittance Reports postmarked later than the fifteenth (15) day after the due date shall be assessed liquidated damages in the amount of 10% or $25.00, whichever, is greater. Because the following report form(s) was/were postmarked **December 30, 2005** you owe the following liquidated damages. The contribution amounts and liquidated damages amount may also include amounts paid to the funds which have entered into Delinquency Collection Agreements with this office and are due and payable under the Collective Bargaining Agreements.

| Period | Local Union | Contribution Amount | Liquidated Damages |
|--------|-------------|---------------------|--------------------|
| Oct-05 | 477 | $3,759.92 | $375.99 |

Please submit a copy of this letter and a check totaling **$375.99**, made payable to the Central Laborers' Fringe Benefit Account. Send your check to the attention of the Delinquency Department. The above mentioned delinquency account will be filed as closed, paid in full, provided payment is received by **March 8, 2006.**

Should you have any questions concerning the above, please do not hesitate to contact this office.

Sincerely,

Dan Koeppel
Director, Employer Contributions

DK/jdr



## Central Laborers' Pension, Welfare & Annuity Funds

P.O. Box 1267 • Jacksonville, Illinois 62651 • Phone 217/243-8521 • Fax 217/245-1293

http://www.central-laborers.com

March 6, 2006

AC # 10946

Vancil Contracting Inc.
3900 N. Peoria Rd.
Springfield, Il 62702-1031

RE:    Late Remittance Report

Dear Sir or Madam:

Please be advised that all Remittance Reports and contributions for the same are due the 15th day of the month following the month in which the work was performed. This requirement is stated on the Remittance Report Form and is substantiated by the Funds' Trust Agreement. The Trust Agreement also provide for assessing of liquidated damages against late reports. Remittance Reports postmarked later than the fifteenth (15) day after the due date shall be assessed liquidated damages in the amount of 10% or $25.00, whichever, is greater. Because the following report form(s) was/were postmarked **February 22, 2006** you owe the following liquidated damages. The contribution amounts and liquidated damages amount may also include amounts paid to the funds which have entered into Delinquency Collection Agreements with this office and are due and payable under the Collective Bargaining Agreements.

| Period | Local Union | Contribution Amount | Liquidated Damages |
|--------|-------------|---------------------|--------------------|
| Nov-05 | 477 | $9,819.54 | $981.95 |

Please submit a copy of this letter and a check totaling **$981.95**, made payable to the Central Laborers' Fringe Benefit Account. Send your check to the attention of the Delinquency Department. The above mentioned delinquency account will be filed as closed, paid in full, provided payment is received by **March 20, 2006.**

Should you have any questions concerning the above, please do not hesitate to contact this office.

Sincerely,

Dan Koeppel
Director, Employer Contributions

DK/jdr

**E-FILED**
Monday, 01 May, 2006 10:46:09 AM
Clerk, U.S. District Court, ILCD

## CAVANAGH & O'HARA
Attorneys At Law

1609 North Illinois Street
Swansea, Illinois 62226
Telephone (618) 222-5945
Fax (618) 222-6755

FPP-⬤⬤-13

William K. Cavanagh
Michael W. O'Hara
Patrick J. O'Hara
James P. Moody

ᗡᗞ

John T. Long
Britt W. Sowle

ᗡᗞ

Of Counsel
Michael J. Masterson, P.C.

*Springfield Office*
407 East Adams Street
P.O. Box 5043
Springfield, Illinois 62705
Telephone (217) 544-1771
Telefax (217) 544-9894

ᗡᗞ

*Chicago Office*
20 South Clark
Suite 3000
Chicago, Illinois 60603
Telephone (312) 624-3141
Telefax (312) 855-0445

January 5, 2006

### CERTIFIED MAIL

Vancil Contracting, Inc.
3900 Peoria Road
Springfield, Illinois 62702

**Re:    Central Laborers Pension, Welfare and Annuity Funds**

Dear Employer:

This office is general counsel to the Central Laborers' Pension, Welfare and Annuity Funds and they have referred to us for collection the liquidated damages required by the Trust Agreement as a result of your recent delinquency. As you have been previously advised, the liquidated damages are in the amount of **$1,454.78**.

This letter will be the last letter to you before action is taken in court for collection. The Funds are required by law to take such action as may be necessary to collect the sums due them.

Under the provisions of Section 515 of the Employee Retirement Income Security Act of 1974, the Court must assess against you various interest costs and damages in the event a Judgment is recovered against you. These costs are substantially higher than those the Funds are presently willing to accept. You will also be responsible for all attorney fees, court costs and any other expenses incurred in collection.

The Funds have no desire to put you to the expense outlined above, but it was felt that it might be appropriate to make sure that you are aware of same so that you could take it into consideration in determining whether you want to voluntarily eliminate your delinquency without the necessity of litigation to collect the amount due.

If you do not desire that our collection efforts be pursued by way of a lawsuit, you should contact the Funds' Delinquency Department (217-243-8521) and such arrangements with the Funds as will satisfy them within ten (10) days from the date of this letter.



EXHIBIT
I

Vancil Contracting Inc.
January 5, 2006
Page 2

We sincerely hope we can have your cooperation in this matter in order to decrease your costs as well as ours and the employees who are participating in these Funds.

Very truly yours,

Britt W. Sowle

cc:    Central Laborers' Pension, Welfare and Annuity Fund/Dan Koeppel
bws/jb

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Vancil Contracting Inc
3900 Peoria Rd
Spfld IL 62702

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery
                                   1-10-06

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail       ☐ Express Mail
   ☐ Registered           ☒ Return Receipt for Merchandise
   ☐ Insured Mail         ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)     7005 0390 0002 2975 1497

PS Form 3811, August 2001     Domestic Return Receipt     102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, June 2002     See Reverse for Instructions

7005 0390 0002 2975 1497

**E-FILED**
Wednesday, 03 May, 2006  03:29:26 PM
Clerk, U.S. District Court, ILCD

✎JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

CENTRAL LABORERS' PENSION FUND, ET AL.,

## DEFENDANTS

VANCIL CONTRACTING, INC.

**(b)** County of Residence of First Listed Plaintiff    Morgan
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Sangamon
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Britt W. Sowle
Cavanagh & O'Hara                 Telephone:  618/222-5945
1609 North Illinois Street        Facsimile:  618/222-6755
Swansea, IL 62226

Attorneys (If Known)

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                        and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT    (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury— | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION    (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

Breach of collective bargaining agreement, 29 U.S.C. § 185; Recovery of employee benefits, 29 U.S.C. §1132

## VII. REQUESTED IN   COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S)   IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
April 3, 2006

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.     Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.     Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.